Receipt Number
536895

17

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**CRAFT HOUSE CORPORATION,**

*Plaintiff,*

vs.

**LANARD TOYS, INC.,**
a California corporation, and
**LANARD TOYS LTD.,**
a Hong Kong corporation,

*Defendants.*

Exhibit A

Case: 2:06-cv-10219
Assigned To : Tarnow, Arthur J
Referral Judge: Scheer, Donald A
Assign. Date : 01/17/2006
Description: CMP CRAFT HOUSE CORP
V. LANARD TOYS, INC., ET AL (TAM)

**JURY TRIAL REQUESTED**

MARK A. CANTOR      (P32661)
MARC LORELLI       (P63156)
**BROOKS KUSHMAN P.C.**
1000 Town Center
Twenty-Second Floor
Southfield, Michigan  48075
(248) 358-4400

*Attorneys for Plaintiff*

# COMPLAINT FOR PATENT
## INFRINGEMENT AND JURY DEMAND



Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel   (248) 358 4400
Fax  (248) 358-3351

www.brookskushman.com

Plaintiff, CRAFT HOUSE CORPORATION ("CRAFT HOUSE"), for its Complaint herein, states as follows:

## I. JURISDICTION

1. This is an action for patent infringement arising under the Patent Laws of the United States, Title 35, United States Code.

2. The subject matter jurisdiction for this Court is founded upon 28 U.S.C. § 1338 (patents) and 28 U.S.C. § 1331 (federal question).

3. Upon information and belief, defendants, LANARD TOYS, INC. and LANARD TOYS LTD. (collectively "defendants"), regularly and continuously engage in substantial sales and other business transactions in the Eastern District of Michigan, and have sold infringing products and/or committed infringing acts in this district. The United States District Court for the Eastern District of Michigan therefore has *in personam* jurisdiction over the defendants.

## II. THE PARTIES

4. Plaintiff, Craft House Corporation, is a Michigan corporation having a place of business at 5570 Enterprise Boulevard, Toledo, Ohio 43612.



Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

5. Upon information and belief, defendant Lanard Toys, Inc., is a California corporation, with places of business at 2011 Auto Center Drive, Suite 200, Oxnard, California 93030-8943 and at 101 S. Sterling Terrace, Sugar Creek, Missouri 64054-1234, designs, distributes, offers for sale and sells the accused toy vehicles containing the hopping mechanism for model cars.

6. Upon information and belief, defendant Lanard Toys Ltd. is a Hong Kong corporation with a place of business at 6/F, Energy Plaza, 92 Granville Road, Tsim Sha Tsui, Kowloon, Hong Kong 2017, designs, distributes, offers for sale and sells the accused toy vehicles containing the hopping mechanism for model cars.

### III. **BACKGROUND**

7. On March 14, 2000, U.S. Patent No. 6,036,575 ("the '575 patent") entitled "Hopping Mechanism For Model Car" was duly and legally issued. (*See* Exhibit A, U.S. Patent No. 6,036,575.)

8. Craft House is the owner of all right, title and interest in the '575 patent.

9. On August 25, 2004, Craft House sent Lanard a letter advising Lanard of its infringement of the '575 patent.



Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

10. Lanard has refused to change the course of its actions in the face of Craft House's communications.

## IV. COUNT I - PATENT INFRINGEMENT

11. Craft House realleges paragraphs 1-10 as set forth fully herein.

12. Defendants have made, used, offered for sale, imported and sold in the United States, and continue to make, use, offer for sale, import and sell in the United States toys which infringe the '575 patent, induce others to infringe, and/or contributorily infringe the '575 patent.

13. Defendants' infringement has been and continues to be willful, wanton, and deliberate.

14. Craft House has suffered damages as a result of the infringing activities of the defendants, and will continue to suffer such damage as long as those infringing activities continue.

15. Craft House has no adequate remedy at law. Unless enjoined by this Court, the defendants will continue such acts of infringement to Craft House's substantial and irreparable damage.


Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

## V. DEMAND FOR RELIEF

Accordingly, Craft House respectfully demands that this Court enter judgment:

A. Preliminarily and permanently enjoining and restraining defendants, their officers, directors, employees, agents, servants, successors and assigns, and any and all persons acting in privity or in concert with the defendants, from further infringement of the '575 patent;

B. Awarding Craft House its damages, together with prejudgment interest and costs, and increasing those damages to three times the amount found or assessed as provided by 35 U.S.C. § 284;

C. Declaring this an exceptional case within the meaning of 35 U.S.C. § 285, and awarding Craft House its reasonable attorney's fees and costs and disbursements in this action; and

D. Granting to Craft House such other and further relief as this Court deems reasonable.


Brooks Kushman P.C.
1000 Town Center, 22nd Fl
Southfield, MI 48075-1238
USA

Tel  (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

## VI. DEMAND FOR JURY TRIAL

Craft House respectfully demands a trial by jury of any and all issues triable of right by a jury in the above-captioned action.

Respectfully submitted,

**BROOKS KUSHMAN P.C.**

By: _____
MARK A. CANTOR    (P32661)
MARC LORELLI     (P63156)
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075
(248) 358-4400

*Attorneys for Plaintiff*

Dated: January 17, 2006



Brooks Kushman P.C.
1000 Town Center, 22nd Fl.
Southfield, MI 48075-1238
USA

Tel (248) 358-4400
Fax (248) 358-3351

www.brookskushman.com

-6-





US006036575A

# United States Patent [19]
Rehkemper et al.

[11] Patent Number: **6,036,575**
[45] Date of Patent: **Mar. 14, 2000**

[54] **HOPPING MECHANISM FOR MODEL CAR**

[75] Inventors: **Steven F. Rehkemper**, Chigaco; **Jeffrey G. Rehkemper**, Chicago, both of Ill.

[73] Assignee: **Craft House Corporation**, Toledo, Ohio

[21] Appl. No.: 09/233,673

[22] Filed: **Jan. 19, 1999**

[51] Int. Cl.[7] .................... A63H 17/26; A63H 17/00
[52] U.S. Cl. ........................... 446/466; 446/437
[58] Field of Search ............................. 446/437, 431, 446/443, 448, 454, 461, 460, 463, 466

[56] **References Cited**

U.S. PATENT DOCUMENTS

| | | | |
|---|---|---|---|
| 4,125,261 | 11/1978 | Lahr | 446/460 X |
| 4,218,846 | 8/1980 | Lahr | 446/443 |
| 4,696,655 | 9/1987 | D'Andrade et al. | 446/466 |
| 5,527,059 | 6/1996 | Lee, Jr. | 446/466 |
| 5,643,041 | 7/1997 | Mukaida | 446/466 X |
| 5,722,872 | 3/1998 | Simmons et al. | 446/466 X |
| 5,762,533 | 6/1998 | Tilbor et al. | 446/466 |

*Primary Examiner*—D. Neal Muir
*Attorney, Agent, or Firm*—Donald R. Fraser

[57] **ABSTRACT**

A model car having a mechanism driven by a reversible electric motor for selectively raising and lowering the front or rear of the car.

**3 Claims, 4 Drawing Sheets**





**FIG. 1**



FIG. 2

**U.S. Patent**  Mar. 14, 2000  Sheet 3 of 4  **6,036,575**



FIG. 3

**U.S. Patent**  Mar. 14, 2000  Sheet 4 of 4  **6,036,575**



FIG. 4



FIG. 5



FIG. 6

6,036,575

| 1 | 2 |

# HOPPING MECHANISM FOR MODEL CAR

## BACKGROUND OF THE INVENTION

### 1. Field of the Invention

The invention relates to model cars and more particularly to a model car which can be assembled from a kit requiring minimum skill and tools. Further, the front or the rear of the body of the assembled model car may be selectively raised and lowered in respect of the ground engaging wheels.

### 2. Prior Art

The prior art is replete with model cars and other similar vehicle replicas having wheels which may be driven, typically by a D.C. electric motor, to propel the vehicle forward or backward. Such motion of a vehicle imparts great interest in the attending youth.

## SUMMARY OF THE INVENTION

It is an objective of the invention to produce a model car which can be selectively caused to raise or lower the front or the rear end of the body relative to the respective ground engaging wheels.

Another objective of the present invention is to produce a model car wherein the front or the rear end of the body of the model car may be selectively raised or lowered in respect of the associated ground engaging wheels by a reversible direct current electric motor.

Still another object of the invention is to produce a model car kit comprised of a number of individual components which may be readily assembled with a minimal number of tools by a person having minimal dexterity.

The above as well as other objectives of the invention may be typically achieved by a model car assembly including:

- a chassis;
- a first set of ground engaging wheels;
- a second set of ground engaging wheels;
- a first set of axle arms having outer and inner ends, the axle arms rotatably receiving the first set of ground engaging wheels at the outer ends of the first set of axle arms;
- a first pivotal mounting means intermediate the outer and inner ends of the first set of axle arms for pivotally mounting the first set of axle arms to the chassis;
- a second set of axle arms having outer and inner ends, the axle arms rotatably receiving the second set of ground engaging wheels at the outer ends of the second set of axle arms;
- a second pivotal mounting means intermediate the outer and inner ends of the second set of axle arms for pivotally mounting the second set of axle arms to the chassis;
- a reversible drive motor;
- a first cam member engaging the first set of axle arms between inner end thereof and the first pivotal mounting means;
- a second cam member engaging the second set of axle arms between the inner end thereof and the second pivotal mounting means; and
- a gear train coupled to the drive motor to drive the first cam member when caused to operate in a first direction and to drive the second cam member when caused to operate in a direction opposite to the first direction.

## BRIEF DESCRIPTION OF THE DRAWINGS

The above objects and advantages, as well as others, will become clearly apparent to one skilled in the art from reading the following detailed description of a preferred embodiment of the invention when considered in the light of the attached drawings, in which:

FIG. 1 is a side elevational view with portions cut away to more clearly illustrate the features of a model car incorporating the features of the invention;

FIG. 2 is an enlarged side elevational view of the model car illustrated in FIG. 1 with the body portion illustrated in phantom;

FIG. 3 is a top plan view of the model car illustrated in FIG. 2;

FIG. 4 is an enlarged sectional view of the gear train of the invention taken along line 4—4 of FIG. 3;

FIG. 5 is an enlarged sectional view taken along line 5—5 of FIG. 4 of a ring gear of the gear train for driving the cam member for effecting the raising or lowering of the front end of the body showing the drive gear; and

FIG. 6 is an enlarged elevational view taken along line 6—6 of FIG. 4 of a ring gear of the gear train for driving the cam member for operating the rear end of the body wherein the ring gear is rotatably free of the associated cam member.

## DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENT OF THE INVENTION

Referring to the drawings, there is illustrated a preferred embodiment of the invention in the form of a model car capable of selectively raising or lowering the front or rear of the body of the car in respect of the associated front or rear wheel assemblies.

More specifically, there is shown in FIGS. 1, 2, and 3 a model car, generally indicated by reference numeral 10, including a body assembly 12; ground engaging front wheels 14, 14'; ground engaging rear wheels 16, 16'; and a power source 18, containing suitable batteries and having a rocker switch 20, coupled to a reversible electric motor 22 through a flexible electric cord 24.

The body assembly 12 includes a body 30 which typically replicates the sheet metal, glass, and bumpers of a conventional commercially sold vehicle, such as a 1964 Chevrolet Impala (trademarks owned by General Motors Corporation, U.S.A.). The body assembly 12 also includes a chassis 32 formed to replicate the vehicle frame, suspension system, and certain other components of the running gear. The body 30 and the chassis 32 may typically be formed of a plastic material which may be formed to genuinely represent the commercial vehicle. The plastic components may be glued together and/or assembled by suitable threaded fasteners.

The actual suspension of the model car 10 is achieved through the use of a front axle arm assembly and a rear axle arm assembly. The front axle arm assembly includes a pair of spaced apart generally parallel axle arms 34, 36 integrally joined together by a cross arm 38. Pivot pins 40, 42 are disposed intermediate the ends of the axle arms 34, 36, respectively. The forward outwardly extending terminal portions of the front axle arms 34, 36 are adapted to pivotally receive the ground engaging wheels 14, 14', respectively.

The rear axle arm assembly includes a pair of spaced apart generally parallel axle arms 44, 46 integrally joined together by a cross arm 48. Pivot pins 50, 52 are disposed intermediate the ends of the axle arms 44, 46, respectively. The rearward outwardly extending terminal portions of the rear axle arms 44, 46 are adapted to pivotally receive the ground engaging wheels 16, 16', respectively.

The reversible electric motor 22 is suitably mounted in an appropriately formed base of a two-piece enclosure 58

6,036,575

3

suitably secured to the chassis 32. The flexible power cord 24 is caused to extend rearwardly of the chassis 32 of the model car 10 and maintained centrally of the rear of the chassis 32 by a bracket 54 secured to the chassis 32 by threaded fasteners 56.

The motor 22 is provided with an output shaft having an output gear 60 secured thereto. The output gear 60 serves as the power input gear of a gear train which is capable of selectively delivering power to oppositely disposed cam wheels 62, 64. The cam wheel 62 is effective to drive the front axle arm assembly and the cam wheel 64 is effective to drive the rear axle arm assembly, as will be explained in detail hereafter.

The gear train is disposed within the base of the enclosure 58. The gear train includes a pair of spaced apart ring gears 70, 72 mounted to freely rotate on a split shaft 74, 74' the opposite outer ends of which are rotatably supported in grooves formed in the upstanding sides of the base of the enclosure 58. The inner ends of the split shaft 74, 74' are maintained in alignment by a hollow collar 76 mounted to rotate in a groove formed in an upright yoke 78 extending upwardly from the interior of the base of the enclosure 58. The hollow collar 76 functions to maintain the spaced relation between the ring gears 70, 72. Immediately adjacent the outer surfaces of the gears 70, 72, the split shafts 74, 74', respectively are mounted to rotate in grooves formed in interior upstanding walls 80, 82 of the base of the enclosure 58. Suitable gears 84, 86 are keyed or otherwise permanently affixed to the split shafts 74, 74', respectively.

A pair of stepped gears 90, 92 having supporting shafts 94, 96, respectively keyed or otherwise affixed thereto. The gears 90, 92 are effective to transmit motion to the cam wheels 62, 64, respectively, through respective gears 98, 100. The ends of the shafts 94, 96 are rotatably supported in grooves formed in the side walls of the base of the enclosure 58 and the spaced apart adjacent interior walls 80, 82, respectively.

Each of the cam wheels 62, 64 is provided with a supporting shaft 102, 104, respectively to which the wheels are keyed or otherwise suitably affixed. The shafts 102, 104 are supported in grooves formed in the upstanding interior walls 80 and 82 and the adjacent upstanding sides of the base of the enclosure 58.

The cam wheel 62 is provided with an outwardly projecting cam 62', while the cam wheel 64 is provided with an outwardly projecting cam 64'. The cams 62', 64' are effective causing movement of the front axle arm 34 and the rear axle arm 46, respectively.

Motion is transmitted through the gear train from the motor 22 in the following manner. Initially, let it be assumed that output gear 60 of the motor 22 is effective to cause clockwise rotation of the ring gear 70 as illustrated in FIG. 5. The inner face of the ring gear 70 is provided with a ledge-like surface or shelf 106 in the form of a spiral for 180° and a circle for 180° interconnected by a shoulder 108.

The split shaft 74 is provided with a bore hole extending therethrough normal to the rotational axis of the shaft. A pin 110 of slightly less outer diameter than the diameter of the hole in the shaft 74 is adapted to readily slide within the hole. Assuming that initially neither of the ends of the pin 110 were in contact with the shoulder 108, and the gear 70 is free to rotate relative to the shaft 74 upon continued clockwise rotation of the gear 70 the pin 110 will drop, causing an end thereof to contact the shoulder 108. Thereafter, the clockwise rotation of the gear 70 and the shaft 74 will rotate in unison, as shown in FIG. 5.

4

Turning to FIG. 6, there is shown the interior view of the cooperating ring gear 72 having an interior configuration which is a mirror image of the interior of the ring gear 70. The gear 72 is provided with a ledge-like surface or shelf 106' which extends generally annularly in the form of a spiral for approximately 180° and a circle for the balance of the path completely around the interior surface of the gear 72. The path of the shelf 106' commences and terminates in a shoulder 108'.

The associated split shaft 74' is provided with a bore hole extending therethrough normal to the rotational axis of the shaft. A pin 110' of slightly less outer diameter than the diameter of the hole in the shaft 74' is adapted to readily slide within the hole.

It will be observed that the ring gear 72 is driven by the associated drive gear 60 of the motor 22 in the direction of the arrow in FIG. 6. By such motion, the pin 110' is urged or cammed out of contact with the shoulder 108'. Since there is then no positive contact between the face of the shoulder 108' and the pin 110', the gear 72 is in effect free wheeling and will not transmit power or rotary motion through the gear train to the cam wheel 64.

Accordingly, it will be appreciated that by driving the ring gears 70, 72 in the directions illustrated in FIGS. 5 and 6, only the cam wheel 62 and the cam member 62' are caused to move.

While mention has not earlier been made, it will be understood that once the motor 22 and all the associated gears of the gear train, as clearly illustrated in FIG. 3, are in operative position within the base of the enclosure 58, the upper portion of the enclosure 58 is placed over the base and threaded fasteners are typically employed to maintain upper portion in place and simultaneously hold the gear shafts and pivot pins in place.

As the cam wheel 62 is caused to rotate, the cam pin 62' urges the axle arm 34 to pivot about the pivot pin 40, as clearly illustrated in FIG. 1, causing the front of the body assembly 12 to be moved upwardly.

When the drive motor 22 is caused to reverse the rotation of the drive gear 60 by proper manipulation of the rocker switch 20, the ring gears 70, 72 are driven to rotate in an opposite direction from that illustrated in FIGS. 5 and 6. Such opposite rotation will, in effect, cause the ring gear 70 to "free wheel" in respect of the split shaft 74; and the ring gear 72 will simultaneously cause rotation of the cam wheel 64. The rotation of the cam wheel 64 and the associated cam 64' urges the axle arm 46 to pivot about the pivot pin 52, causing the rear of the body assembly 12 to be urged upwardly.

In each instance, it will be understood that as soon as the cam members 62', 64' are driven to their respective apogees, the cam members 62', 64' commence to travel downwardly allowing the weight of the front or rear of the model car 10 to return the car to a position of rest at the ground level.

In accordance with the provisions of the patent statutes, the present invention has been described in what is considered to represent its preferred embodiment. However, it should be understood that the invention can be practiced otherwise than as specifically illustrated and described without departing from its spirit or scope.

What is claimed is:

1. A model car assembly including:

a chassis;

a first set of ground engaging wheels;

a second set of ground engaging wheels;

6,036,575

| 5 | 6 |

a first set of axle arms having outer and inner ends, said axle arms rotatably receiving said first set of ground engaging wheels at the outer ends of said first set of axle arms;

a first pivotal mounting means intermediate the outer and inner ends of said first set of axle arms for pivotally mounting said first set of axle arms to said chassis;

a second set of axle arms having outer and inner ends, said axle arms rotatably receiving said second set of ground engaging wheels at the outer ends of said second set of axle arms;

a second pivotal mounting means intermediate the outer and inner ends of said second set of axle arms for pivotally mounting said second set of axle arms to said chassis;

a reversible drive motor;

a first cam member engaging said first set of axle arms between inner end thereof and said first pivotal mounting means;

a second cam member engaging said second set of axle arms between the inner end thereof and said second pivotal mounting means; and

a gear train coupled to said drive motor to drive said first cam member when caused to operate in a first direction and to drive said second cam member when caused to operate in a direction opposite to the first direction.

2. A model car assembly including:

a chassis;
   a first set of arms having outer and inner ends, said arms receiving ground engaging means at the outer ends thereof;
   a first pivotal mounting intermediate the outer and inner ends of said first set of arms for pivotally mounting said first set of arms to said chassis;
   a second set of arms having outer and inner ends, said arms receiving ground engaging means at the outer ends thereof;

a second pivotal mounting intermediate the outer and inner ends of said second set of arms for pivotally mounting said second set of arms to said chassis;

a reversible drive motor;

a first cam member engaging said first set of arms between inner end thereof and said first pivotal mounting;

a second cam member engaging said second set of arms between the inner end thereof and said second pivotal mounting; and

a gear train coupled to said drive motor to drive said first cam member when caused to operate in a first direction and to drive said second cam member when caused to operate in a direction opposite to the first direction.

3. A model car assembly including:

a chassis having a first end and a second end;

a first arm pivotally mounted to said chassis;

a second arm pivotally mounted to said chassis;

a reversible drive motor having switch means for selectively driving said motor in a first direction or a second direction;

a first cam member coupled to said chassis and engaging said first arm;

a second cam member coupled to said chassis and engaging said second arm; and

a gear train coupling said drive motor to said first cam member and said second cam member whereby energization of said motor in a first direction effectively drives said first cam member and energization of said motor in a second direction effectively drives said second cam member to selectively cause upward movement of the first end and the second end of said chassis.

* * * * *

# CIVIL COVER SHEET

JS 44
(REV. 12/96)

**COUNTY IN WHICH ACTION AROSE** ___WAYNE___

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CRAFT HOUSE CORPORATION

## DEFENDANTS
LANARD TOYS, INC. and LANARD TOYS LTD.

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** ___Wayne___
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** ___Wayne___
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
BROOKS KUSHMAN P.C.
1000 Town Center, 22nd Floor
Southfield, Michigan 48075
(248) 358-4400

**ATTORNEYS (IF KNOWN)**

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☒ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | **PERSONAL INJURY** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury - Med. Malpractice | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| | ☐ 365 Personal Injury - Product Liability | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| **REAL PROPERTY** | **PERSONAL PROPERTY** | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 210 Land Condemnation | ☐ 370 Other Fraud | | | ☐ 890 Other Statutory Actions |
| ☐ 220 Foreclosure | ☐ 371 Truth in Lending | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 380 Other Personal Property Damage | | | |
| ☐ 240 Torts to Land | ☐ 385 Property Damage Product Liability | | | |
| ☐ 245 Tort Product Liability | **CIVIL RIGHTS** | | | |
| ☐ 290 All Other Real Property | ☐ 441 Voting | | | |
| | ☐ 442 Employment | | | |
| | ☐ 443 Housing/Accommodations | | | |
| | ☐ 444 Welfare | | | |
| | ☐ 440 Other Civil Rights | | | |
| | **PRISONER PETITIONS** | | | |
| | ☐ 510 Motions to Vacate Sentence | | | |
| | **HABEAS CORPUS:** | | | |
| | ☐ 530 General | | | |
| | ☐ 535 Death Penalty | | | |
| | ☐ 540 Mandamus & Other | | | |
| | ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL UNLESS DIVERSITY.)

Patent Infringement

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** Damages/Fees/Injunction

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____ DOCKET NUMBER _____

**DATE:** 1/17/2006

**SIGNATURE OF ATTORNEY OF RECORD**
Mark A. Cantor (P32661)

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?    ☐ Yes  ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)   ☐ Yes  ☒ No

    If yes, give the following information:

    Court: _____

    Case No.: _____

    Judge: _____

    Notes: